UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
| | | | JS-6 |
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

Present: The Honorable   STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**   ORDER GRANTING [46] MOTION TO DISMISS.

### I. Introduction

Roundin3rd Sports Bar LLC ("Plaintiff") filed the instant lawsuit against Sentinel Insurance Company, Ltd. ("Defendant") on June 10, 2020. Plaintiff filed a first amended complaint ("FAC") on October 28, 2020.

Before the Court is Defendant's motion to dismiss the FAC. For the below reasons, Defendant's motion is GRANTED.

### II. Factual and Procedural Background

Plaintiff is a limited liability company that owns and operates a restaurant in Long Beach, California. Dkt. 43 (FAC) at ¶ 1. Plaintiff is owned by four California citizens. *Id.* Defendant is an insurance company that issued a "Spectrum Business Owner's Policy" to Plaintiff for coverage effective November 1, 2019 through November 1, 2020. *Id.* at ¶¶ 2, 10.

Plaintiff's insurance policy provides that Defendant will "pay for direct physical loss of or physical damage to [Plaintiff's restaurant] caused by or resulting from a Covered Cause of Loss." Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

46-1 at 56.[1] "Covered Causes of Loss" is defined as "RISKS OF DIRECT PHYSICAL LOSS," unless the loss is excluded or limited in other provisions of the policy. *Id.* at 57.

      Three types of coverage in Plaintiff's policy are relevant here, and all three are included in the "Special Property Coverage Form." *See id.* at 54–80.  The first is for lost business income. Specifically, the policy provides that Defendant will "pay for the actual loss of Business Income you sustain due to the necessary suspension of your 'operations' during the 'period of restoration'.  The suspension must be caused by direct physical loss of or physical damage to property at the 'scheduled premises' . . . caused by or resulting from a Covered Cause of Loss." *Id.* at 65.

      The second type of coverage relevant here is for extra expense coverage.  Under the extra expense provision, Defendant is obligated to "pay reasonable and necessary Extra Expense you incur during the 'period of restoration' that you would not have incurred if there had been no direct physical loss or physical damage to property at the 'scheduled premises' . . . caused by or resulting from a Covered Cause of Loss." *Id.*

      The final type of coverage relevant here is civil authority coverage.  The civil authority provision requires Defendant to pay for the "actual loss of Business Income you sustain when access to your 'scheduled premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your 'scheduled premises.'" *Id.* at 66.

      Plaintiff's policy also includes one exclusion that is relevant here.  Specifically, Defendant "will not pay for loss or damage caused directly or indirectly by any of the following.  Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the loss: (1) Presence, growth, proliferation, spread or any activity of 'fungi', wet rot, dry rot, bacteria or virus . . . ." *Id.* at 155.  The virus exclusion is "added to Paragraph B.1" of the special property coverage form, *i.e.*, the form containing coverage for business interruption, extra expenses, and civil authority.

---

[1] The insurance policy is attached to Defendant's motion to dismiss as Exhibit A.  *See* Dkt. 46-1.  Because the page numbers are inconsistent in the exhibit, the Court's references are to the page number indicated after "Exhibit A" on the bottom right corner of each page.

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
|---|---|---|---|
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

Plaintiff alleges that it suffered business losses when the COVID-19 pandemic led to state and local orders mandating the shutdown of all non-essential in-store businesses.  FAC at ¶¶ 2, 8.  Plaintiff identifies a variety of government orders and declarations that prohibited gatherings and required non-essential workers to stay home.  *Id.* at ¶¶ 58–61.  Following these orders, Plaintiff closed its restaurant.  *Id.* at ¶¶ 68–71   Plaintiff further alleges that its restaurant was "physically impacted, such that it could not be used for its intended purpose," and that COVID-19 therefore caused "'direct physical loss of or damage to' Plaintiff's property . . . as well as surrounding property."  *Id.* at ¶¶ 74–77.

Plaintiff alleges that it submitted a claim for its lost business income to Defendant.  *Id.* at ¶ 12.  Plaintiff further alleges that Defendant denied Plaintiff's claim because Plaintiff did not suffer direct physical damage and, regardless, the virus exclusion bars Plaintiff's claim.  *See id.*

Plaintiff filed the instant lawsuit on June 10, 2020, Dkt. 1, and the FAC on October 28, 2020, Dkt. 43.  Plaintiff's FAC seeks a declaratory judgment that Plaintiff's policy covers Plaintiff's loss.  *See generally id.*

Defendant filed the instant motion to dismiss on November 12, 2020.  Dkt. 46.

**III.   Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint.  *See* Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."  *Retail Prop. Trust v.*

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
|---|---|---|---|
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

*United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

**IV.   Analysis**

The Court will begin by discussing background principles of contract interpretation applicable to the instant motion. Following that brief discussion, the Court will turn to the merits of Defendant's motion.

### a. Interpretation of Insurance Agreements

"Under California law, interpretation of an insurance policy is a question of law, subject to the ordinary rules of contractual interpretation." *AXIS Reinsurance Co. v. Northrop Grumman Corp.*, 975 F.3d 840, 847 (9th Cir. 2020) (citations omitted). "[T]he fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." *Id.* (quoting *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992)).

"When interpreting a policy provision, we must give terms their ordinary and popular usage, unless used by the parties in a technical sense or a special meaning is given to them by usage." *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999) (citation and quotation marks omitted).

"If contractual language is clear and explicit, it governs." *AXIS Reinsurance Co.*, 975 F.3d at 847 (quoting *Bank of the West*, 2 Cal. 4th at 1264-65). "[Courts] will not strain to create an ambiguity where none exists or indulge in tortured constructions to divine some theoretical ambiguity in order to find coverage where none was contemplated." *Fireman's Fund Ins. Co. v. Superior Court*, 65 Cal. App. 4th 1205, 1212-13 (1997) (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
|---|---|---|---|
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

    **b.  Plaintiff's FAC Does Not Plausibly Allege That Plaintiff is Entitled to Coverage Under the Lost Business Income or Extra Expenses Provisions.**

    Plaintiff's FAC alleges that its loss is covered by one of the three provisions referenced above, *i.e.*, the provisions for business income, extra expenses, and civil authority.  FAC at ¶¶ 38–40.

    The business income and extra expenses provisions each require "physical loss" or "physical damage."  For example, if Plaintiff seeks lost business income due to a suspension of its operations, that suspension "must be caused by direct physical loss of or physical damage to" Plaintiff's restaurant.  Dkt. 46-1 at 65.  Similarly, extra expenses are only recoverable if those expenses would not have occurred absent "direct physical loss or physical damage to" Plaintiff's restaurant.  *Id.*

    The meaning of "direct physical damage" and "direct physical loss" is well established under California law.  Property must undergo a "distinct, demonstrable, physical alteration."  *MRI Healthcare Ctr. of Glendale, Inc. v. State Farm Gen. Ins. Co.*, 187 Cal. App. 4th 766, 779 (Cal. Ct. App. 2010) (citation and quotation marks omitted).  "Detrimental economic impact" does not suffice.  *Id.* (citation and quotation marks omitted); *see also Doyle v. Fireman's Fund Ins. Co.*, 21 Cal. App. 5th 33, 39 (Cal. Ct. App. 2018) ("[D]iminution in value is not a covered peril, it is a measure of loss" in property insurance).  "[T]he phrase 'loss of' includes the permanent dispossession of something.'"  *Total Intermodal Servs., Inc. v. Travelers Property Cas. Co. of Am.*, 2018 WL 3829767, at *4 (C.D. Cal. 2018).

    Plaintiff does not allege that its restaurant suffered a "distinct, demonstrable, physical alteration," as required under California law.  *See MRI Healthcare*, 187 Cal. App. 4th at 779.  Accordingly, Plaintiff's FAC cannot raise a plausible inference of coverage based on "physical damage."

    Rather, Plaintiff argues that its restaurant suffered "physical loss" because Plaintiff could not operate the restaurant during the period of time it was shut down following the government closure orders.  *See* Opp. at 18  (arguing that contamination from COVID-19 rendered the restaurant "unsatisfactory for future use"); *id.* at 20 (arguing that policy covers business losses because restaurant was rendered useless); *id.* at 21 ("Thus, when an outside force—*i.e.*, virus—affects Plaintiff's property

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

and requires it to shut down, there is direct physical loss.").[2]

The Court rejects Plaintiff's argument. First, Plaintiff has not alleged permanent dispossession of its restaurant. *See generally* FAC; *see also* Total Intermodal, 2018 WL 3829767, at *4 (noting that permanent dispossession can constitute "physical loss").

Second, California law clearly establishes that, absent a physical alteration to the covered property, an insured cannot recover for temporary impairment to economically valuable use of that property.[3] For example, in *MRI Healthcare Ctr.*, the court held that the inability to use an MRI machine that was turned off and could not be turned back on did not qualify as a "direct physical loss" unless an "external force" acted upon the machine. 187 Cal. App. 4th at 780. Similarly, in *Ward General Ins. Servs., Inc. v. Employers Fire Ins. Co.*, the court held that a loss of valuable electronic data did not qualify as "direct physical loss or damage" without any physical alteration to the storage media. 114 Cal. App. 4th 548, 555–56 (Cal. Ct. App. 2003). Finally, in *Doyle*, the court held that purchasing counterfeit wine did not count as a loss to the wine covered by a property insurance policy without a physical alteration. 21 Cal. App. 5th at 38–39.

Similarly, here, Plaintiff's inability to operate its restaurant does not constitute a "direct physical loss" unless some external force caused a physical alteration to the restaurant. *See id.*; *see also MRI Healthcare*, 187 Cal. App. 4th at 780.

Plaintiff's reliance on *Hughes v. Potomac Ins. Co. of District of Columbia* is unavailing. 199 Cal. App. 2d 239 (Cal. Ct. App. 1962). There, the California Court of Appeals considered whether a home suffered physical loss or damage when the land underlying the home slid away, leaving the home standing on the edge of a newly formed cliff. *Id.* at 243. In finding that the plaintiff's insurance policy

---

[2] Plaintiff argues that its policy defines "property damage" as including the "loss of use of tangible property that is not physically injured." Opp. at 14. Plaintiff is incorrect. That definition of "property damage" applies in the "Business Liability Coverage Form," *see* Dkt. 46-1 at 105, but Plaintiff's FAC alleges that its loss is covered by the provisions for business income, extra expenses, and civil authority, all of which are located in the "Special Property Coverage Form," *see id.* at 65–66. Accordingly, the definition of "property damage" that Plaintiff relies on is inapplicable here.

[3] To the extent that unpublished or out of state cases hold otherwise, this Court is not persuaded by those courts' analyses.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

covered the incident, the court responded to the insurance company's argument to the contrary as follows: "Despite the fact that a 'dwelling building' might be rendered completely useless to its owners, [the insurance company] would deny that any loss or damage had occurred unless some tangible injury to the physical structure itself could be detected. Common sense requires that a policy should not be so interpreted in the absence of a provision specifically limiting coverage in this manner." *Id.* at 248–49. Plaintiff seizes on this language to argue that "physical loss" occurs when property is rendered "useless," even if the property did not suffer any tangible injury. Opp. at 20.

Not so. Despite the above language, the *Hughes* Court also found that the plaintiff's property had in fact suffered physical damage. Specifically, the Court found that the "dwelling building" covered by the plaintiff's policy included the land underlying the dwelling. *See Hughes*, 199 Cal. App. 2d at 248. In other words, the "dwelling building" was damaged when the soil underneath the building slid away. Indeed, the *Hughes* Court expressly said so immediately after the language Plaintiff relies on: "It goes without question that respondents' 'dwelling building' suffered real and severe damage when the soil beneath it slid away and left it overhanging a 30-foot cliff." *Id.* at 249.

Moreover, while *Hughes* was decided over half a century ago, recent California authority clearly establishes that—despite *Hughes*' language to the contrary—a claim of "physical loss" requires some sort of tangible injury to the covered property even if that property is rendered useless. *See MRI Healthcare*, 187 Cal. App. 4th at 789; *Ward*, 114 Cal. App. 4th at 555–56; *Doyle*, 21 Cal. App. 5th at 38–39. Accordingly, the mere temporary inability to use property due to government orders and regulations does not constitute "physical loss" under Plaintiff's policy. *See Plan Check Downtown III, LLC v. AmGuard Ins. Co.*, 2020 WL 5742712, at *5–6 (C.D. Cal. Sept. 10, 2020) (concluding that defining "physical loss" to include "any regulation that limits a business's operations" constitutes "a sweeping expansion of insurance coverage without any manageable bounds").

In fact, when interpreting policies with similar language, numerous courts have now held that neither the presence of COVID-19 in society nor government restrictions can, by themselves, constitute direct physical loss or direct physical damage under California law. *See, e.g.*, *Trinh, DDS, Inc. v. State Farm Gen. Ins. Co.*, 2020 WL 7696080, at *4–*5 (N.D. Cal. 2020); *Mortar and Pestle Corp. v. Atain Specialty Ins. Co.*, 2020 WL 7495180, at *3–*4 (N.D. Cal. 2020); *Geragos & Geragos Engine Co. No. 28, LLC v. Hartford Fire Ins. Co.*, 2020 WL 7350413, at *3 (C.D. Cal. 2020); *Long Affair Carpet and*

| | : | |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

*Rug, Inc. v. Liberty Mutual Ins. Co.*, 2020 WL 6865774, at *2–*3 (C.D. Cal. 2020); *Water Sports Kuai, Inc. v. Fireman's Fund Ins. Co.*, 2020 WL 6562332, at *3–*7 (N.D. Cal. 2020); *West Coast Hotel Mgmt., LLC v. Berkshire Hathaway Guard Ins. Co.*, 2020 WL 6440037, at *4 (C.D. Cal. 2020); *Travelers Cas. Ins. Co. of Am. v. Geragos and Geragos*, 2020 WL 6156584, at *3–*5 (C.D. Cal. 2020); *Pappy's Barber Shops, Inc. v. Farmers Grp., Inc.*, 2020 WL 5500221, at *4–*6 (S.D. Cal. 2020); *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2020 WL 5525171, at *3–*7 (N.D. Cal. 2020); *10E, LLC v. Travelers Indemnity Co. of Conn.*, 2020 WL 5359653, at *4–*6 (C.D. Cal. 2020).

In light of this overwhelming authority, the Court finds that Plaintiff's FAC does not raise a plausible inference of coverage under the business income or extra expenses provisions of Plaintiff's policy.

### c. Plaintiff's FAC Does Not Plausibly Allege That Plaintiff is Entitled to Coverage Under the Civil Authority Provision.

Plaintiff also alleges that its loss is covered by the civil authority provision in Plaintiff's policy. FAC at ¶¶ 38–40. The civil authority provision requires Defendant to pay for the "actual loss of Business Income you sustain when access to your 'scheduled premises' is specifically prohibited by order of a civil authority as the direct result of a Covered Cause of Loss to property in the immediate area of your 'scheduled premises.'" Dkt. 46-1 at 66.

Defendants argue that Plaintiff's claim for civil authority coverage fails because, among other reasons, Plaintiff's FAC does not allege any direct physical loss to any property in the immediate are of Plaintiff's restaurant. *See* Mot. at 23.

The Court is not persuaded that, under Plaintiff's policy, direct physical loss or physical damage to property in the immediate area of Plaintiff's restaurant is required to invoke civil authority coverage. As noted above, the civil authority provision requires "a Covered Cause of Loss to property in the immediate area" of Plaintiff's restaurant. Dkt. 46-1 at 66. A "Covered Cause of Loss" means "RISKS OF DIRECT PHYSICAL LOSS." *Id.* at 57.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

The meaning of the phrase "risks of direct physical loss" is not readily apparent. Defendants interpret it to mean "direct physical loss." Mot. at 23. However, there are a number of issues with Defendants' interpretation.

First, it renders the term "risks of" meaningless. *See United Farmers Agents Assn., Inc. v. Farmers Grp., Inc.*, 32 Cal. App. 5th 478, 495 (Cal. Ct. App. 2019) (noting courts should "give effect to all of a contract's terms, and to avoid interpretations that render any portion superfluous, void or inexplicable.").

Second, it creates redundancy in Plaintiff's policy. For example, various provisions in the policy—including the lost business income and extra expenses provisions—require Defendant to pay for "direct physical loss" or "physical damage" that is "caused by or resulting from a Covered Cause of Loss." *See* Dkt. 46-1 at 56, 65. If "risks of direct physical loss" means "direct physical loss," these provisions would essentially read as follows: "We will pay for direct physical loss . . . caused by or resulting from a [direct physical loss]."[4] This type of redundancy is disfavored in contract interpretation. *Super 7 Motel Assocs. v. Wang*, 16 Cal. App. 4th 541, 546 (Cal. Ct. App. 1993) ("A contract must be interpreted as a whole, with each clause aiding the interpretation in the attempt to give purpose to every part, and *the interpretation should, where possible, give effect to every part so that no clause is redundant*.") (emphasis added).

Third, unlike the lost business income and extra expenses provisions—both of which require "direct physical loss" or "physical damage" to property *and* a "Covered Cause of Loss," *see* Dkt. 46-1 at 65—the civil authority provision does not require that property in the immediate area of Plaintiff's restaurant suffer "direct physical loss" or "physical damage," *see id.* at 66. Rather, it only includes the "Covered Cause of Loss" requirement. *Id.* Arguably, the drafters of the policy could have included the requirement that property in the immediate area of Plaintiff's restaurant suffer "direct physical loss" or "physical damage," much like the drafters required physical loss or physical damage in the lost business income and extra expenses provisions. The drafters' decision not to include that requirement may

---

[4] A more common-sense interpretation of "RISKS OF DIRECT PHYSICAL LOSS" might be that the cause of physical damage is an activity or conduct that carries with it a risk of direct physical loss. In other words, the insurance company will pay for "direct physical loss" or "physical damage" that is "caused by or resulting from [an activity that carries with it a risk of direct physical loss]."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

suggest that it is not in fact a requirement for civil authority coverage. *Cf. Cohen v. TNP 2008 Participating Notes Program, LLC*, 31 Cal. App. 5th 840, 877 (Cal. Ct. App. 2019) ("[H]ad the parties to the subscription agreements here wanted to tie the hands of the arbitrator, they could have included language requiring the arbitrator to award attorneys' fees to the prevailing party.").

Finally, in interpreting the same phrase elsewhere, the California Court of Appeals has suggested that the phrase requires an assessment of whether the underlying incident or conduct posed a *risk* of physical loss. In *Ward*, the plaintiff argued that its insurance policy covered the loss of electronically stored data caused by a human error resulting in a computer crash. 114 Cal. App. 4th at 550. The Court explained that the plaintiff could only prevail "if the loss results from a "RISK[ ] OF DIRECT PHYSICAL LOSS." *Id.* at 554 (alteration in original). In finding that the plaintiff's loss did not result from a "risk of direct physical loss," the Court noted as follows: "[W]e cannot say that the risk encountered in this case, a negligent operator, constitutes a risk of direct physical loss. We do not understand that a computer operator, sitting at a keyboard pressing keys or moving a mouse, presents any other relevant type of risk." *Id.* at 554.[5]

Accordingly, it is not clear to this Court whether civil authority coverage under Plaintiff's policy requires that the property in the immediate area of Plaintiff's restaurant suffer actual physical loss or damage or, alternatively, a *risk* of physical loss or damage.[6]

---

[5] Even the *Ward* opinion is not entirely clear on this issue. Indeed, in finding that the risk encountered in the case did not constitute a risk of direct physical loss, the court noted that it could not say otherwise "[u]nless the harm suffered . . . is determined to be a 'physical loss.'" *Ward*, 114 Cal. App. 4th at 554. And, in the same paragraph, the court noted that coverage for the plaintiff's claim required a "direct physical loss." *Id.* Nevertheless, as noted above, the Court also assessed the particular risk that the underlying conduct posed and, specifically, whether that conduct posed a risk of physical loss.

[6] The distinction is important. Consider, for example, the following hypothetical. A bomb is discovered in a property in the immediate area of Plaintiff's restaurant, and civil authorities prohibit access to Plaintiff's restaurant while the bomb is being diffused and investigated. The investigation lasts a week. In this scenario, whether Plaintiff is entitled to lost business income for that week may depend on whether civil authority coverage requires direct physical loss to a property in the immediate area or a mere *risk* of direct physical loss to that property. This is because the bomb certainly posed a *risk* of direct physical loss to the nearby property but, because the bomb never detonated, no direct physical loss actually occurred.

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

Ultimately, however, the Court need not resolve that question because, regardless of whether direct physical loss to a property in the immediate area of Plaintiff's restaurant is required, Plaintiff's FAC does not plausibly allege civil authority coverage.

As noted above, civil authority coverage only applies if "access to [Plaintiff's restaurant was] specifically prohibited by order of a civil authority as the *direct result* of a Covered Cause of Loss." Dkt. 46-1 at 66 (emphasis added). Courts interpreting similar language require a causal link between the incident at the nearby property and the order prohibiting access to the insured's property; a closure order designed to prevent future harm is insufficient. *See Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 2020 WL 5525171, at *7 (N.D. Cal. Sept. 14, 2020) ("Because the orders were preventative . . . the complaint does not establish the requisite causal link between prior property damage and the government's closure order."); *see also United Air Lines v. Ins. Co. of the State of Pa.*, 439 F.3d 128, 134 (2d Cir. 2006) (affirming district court's denial of coverage under similar civil authority provision where closure order "was based on fears of future attacks").

Here, Plaintiff has not alleged that any closure order resulted from damage (or a risk of damage) to a nearby property. *See generally* FAC. Rather, Plaintiff expressly alleges that the relevant civil orders were prophylactic, *i.e.*, they were implemented to prevent the spread of COVID-19. *See* FAC at ¶ 82 ("The Civil Authority Orders entered by the state and local government were in the exercise of authority to protect the public and minimize the risk of spread of disease."); *id.* at ¶ 84 (noting that Civil Authority Orders were implemented "to mitigate the health risks to the public by attempting to prevent COVID-19 contamination").

In light of these allegations, the Court concludes that Plaintiff's FAC fails to raise a plausible inference that Plaintiff is entitled to civil authority coverage. *See Mudpie*, 2020 WL 5525171, at *7 (N.D. Cal. Sept. 14, 2020).

### d.  Plaintiff's FAC Does Not Plausibly Allege That the Virus Exclusion is Inapplicable.

As noted above, Plaintiff's policy also includes the following exclusion: "[Defendant] will not pay for loss or damage caused directly or indirectly by any of the following. Such loss or damage is excluded regardless of any other cause or event that contributes concurrently or in any sequence to the

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

loss: (1) Presence, growth, proliferation, spread or any activity of 'fungi', wet rot, dry rot, bacteria or virus . . . ." Dkt. 46-1 at 155.  The virus exclusion is "added to Paragraph B.1" of the special property coverage form, *i.e.*, the form containing coverage for business interruption, extra expenses, and civil authority.

  The Court finds that, even if Plaintiff's FAC plausibly states a claim for coverage under the provisions for lost business income, extra expenses, or civil authority, the FAC nevertheless fails to state a claim for relief because the virus exclusion entirely bars Plaintiff's claim for coverage.  Plaintiff's FAC alleges that Plaintiff closed its restaurant "[a]s a result of" the closure orders by state and local governments.  FAC at ¶ 69.  Plaintiff's FAC further alleges that the relevant civil orders were implemented to prevent the spread of COVID-19.  *See* FAC at ¶ 82 ("The Civil Authority Orders entered by the state and local government were in the exercise of authority to protect the public and minimize the risk of spread of disease."); *id.* at ¶ 84 (noting that Civil Authority Orders were implemented "to mitigate the health risks to the public by attempting to prevent COVID-19 contamination").  Accordingly, Plaintiff's loss was caused—at least indirectly—by the spread of COVID-19.  And, because the virus exclusion here prevents coverage where the claimed loss is caused "indirectly" by the "spread or any activity of . . . virus," Plaintiff's loss is barred by the virus exclusion.

  Plaintiff's arguments to the contrary are without merit.  First, Plaintiff argues that the virus exclusion does not apply to claims for civil authority coverage.  Opp. at 4–5.  Plaintiff is incorrect.  Plaintiff's civil authority coverage is included in Plaintiff's "Special Property Coverage Form," and the virus exclusion applies to that form.  *See* Dkt. 46-1 at 57 (noting that certain losses are excluded from covered causes of loss); *see also id.* at 155 (noting that virus exclusion applies to exclusions in Special Property Coverage Form).  Moreover, even if the virus exclusion did not apply to claims for civil authority coverage, Plaintiff's FAC would still fail to state a claim for relief because, as discussed above, Plaintiff's FAC fails to state a plausible claim for civil authority coverage.  *See supra* at 8–11.

  Second, Plaintiff incorrectly argues that the virus exclusion is ambiguous.  To the contrary, numerous California courts have concluded that similar virus exclusions are "plain and unambiguous" and therefore preclude coverage for business losses resulting from the spread of COVID-19 in society and from public health restrictions intended to mitigate that spread.  *Trinh, DDS, Inc.*, 2020 WL

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-05159-SVW-PLA | Date | January 14, 2021 |
|---|---|---|---|
| Title | *Roundin3rd Sports Bar LLC v. The Hartford et al.* | | |

7696080, at *3; *see also West Coast Hotel Mgmt., LLC*, 2020 WL 6440037, at *6 (describing similar virus exclusion as "plain and unambiguous"); *Geragos and Geragos*, 2020 WL 6156584, at *4.

      Finally, the Court rejects Plaintiff's argument that the regulatory estoppel doctrine applies and entitles Plaintiff to discovery regarding the meaning of the virus exclusion clause. Plaintiff suggests that, although California case law rejects the regulatory estoppel doctrine, "California courts have more recently expanded the types of extrinsic evidence that are admissible." Opp. at 12. However, as Defendant correctly counters, "considering extrinsic evidence and applying regulatory estoppel are two different things." Reply at 14. This Court agrees and joins those courts that "decline[] to depart from the 'rules of insurance contract interpretation [that] clearly require a showing of ambiguity before extrinsic evidence may be admitted to shed light on that ambiguity . . . ." *Franklin EWC, Inc. v. Hartford Fin. Servs. Grp., Inc.*, 2020 WL 7342687, at *4 (N.D. Cal. Dec. 14, 2020) (citing *ACL Techs., Inc. v. Northbrook Prop. & Cas. Ins. Co.*, 17 Cal. App. 4th 1773, 1790–91 (Cal. Ct. App. 1993)).

      Accordingly, Plaintiff's FAC fails to state a claim for relief because the virus exclusion entirely bars Plaintiff's claim for coverage.

## V.    Conclusion

      For the foregoing reasons, Defendant's motion to dismiss is GRANTED. No leave to amend will be granted.[7]

      IT IS SO ORDERED.

---

[7] Plaintiff has not requested leave to amend and, regardless, the Court finds that leave to amend is futile because the instant ruling is based on the Court's interpretation of the policy and the allegation of additional facts would not be helpful. *See Phillips v. Archstone Simi Valley LLC*, 2016 WL 7444550, at *8 (C.D. Cal. Dec. 15, 2016) (declining to grant leave to amend where court's ruling was based on "interpretation of the law—such that the allegation of additional facts would be futile"), aff'd, 740 F. App'x 603 (9th Cir. 2018). In light of that futility, no leave to amend will be granted. *See AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) ("[A] district court need not grant leave to amend where the amendment . . . is futile.").

| | : |
|---|---|
| Initials of Preparer | PMC |